IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02527-EWN-BNB

THUNDER MOUNTAIN CUSTOM CYCLES, INC., a Colorado corporation,

Plaintiff,

v.

JIM THIESSEN, d/b/a JIMS,

Defendant.
_____

**ORDER**
_____

This matter is before me on the **Defendant's Motion for Replevin** [Doc. # 12, filed 2/12/2007] (the "Motion"). The Motion is deficient on its face and is DENIED.

Replevin is a pre-trial remedy intended to determine the right to possession of personal property. Sheila K. Hyatt and Stephen A. Hess, 5 Colo. Prac., Civil Rules Annotated Rule 104 (4th ed.), at § 104.1. Rule 104(b), Colo. R. Civ. P., provides that a court shall issue an order to show cause and set a hearing to determine the right to possession upon a satisfactory showing, which must include the following among other things:

> (1)    That the [claimant] is the owner of the property claimed or is entitled to possession thereof and the source of such title or right; and if [claimant's] interest in such property is based upon a written instrument, a copy thereof shall be attached;
>
> (2)    That the property is being detained . . . against the [claimant's] claim of right to possession; the means by which the [party in possession] came into possession thereof, and the specific facts constituting detention against the right of the [claimant] to possession. . . .

Colo. R. Civ. P. 104(b)(1) and (2).

The affidavit offered in support of the Motion states:

> 2.      Between July 2005 and September 2006, Thiessen Products manufactured and sold to Thunder Mountain Harley Davidson, Inc., and drop-shipped to thunder Mountain Custom Cycles, Inc., . . . hundreds of motorcycle transmissions and engines (the "subject property") pursuant to multiple purchase orders submitted by Thunder Mountain. . . .
>
> 3.      Thunder Mountain insisted on a 90-day payment term for each purchase order.
>
> 4.      Thunder Mountain began to fall behind in its payments to Thiessen Products.
>
> 5.      By October 11, 2006, Thunder Mountain stopped all payments to Thiessen Products.
>
> 6.      Thunder Mountain's current past-due balance on outstanding invoices, not counting interest, is $1,044,550.37.
>
> 7.      Thunder Mountain has refused to pay Thiessen Products any of this overdue balance, despite repeated requests for payment.

*Affidavit of Paul Platts In Support of Defendant's Motion for Replevin* [Doc. # 12-2, filed 2/12/2007] ("*Platts Aff.*") at ¶¶2-7. Copies of the purchase orders and invoices related to the subject property are attached to the affidavit. Those purchase orders and invoices contain no provisions concerning when title to the subject property passes from the seller to the buyer, nor is there any evidence that the seller retained a security interest in the subject property.

As the Platts Affidavit makes clear, Thiessen Products "sold" the motorcycle transmissions and engines to Thunder Mountain, and the transmissions and engines have been delivered to Thunder Mountain. *Platts Aff.*, at ¶2. Under Colorado law, title to the property passed from Thiessen Products to Thunder Mountain "at the time and place at which the seller completes his

2

performance with reference to the physical delivery of the goods. . . ." Section 4-2-401(2), C.R.S.

Contrary to the requirements of Rule 104(b), Thiessen Products has failed to provide any evidence, by a verified complaint, affidavit, or otherwise, that Thiessen Products "is the owner of the property claimed or is entitled to possession thereof. . . ." Although Thiessen Products may have a claim for money damages, based on the materials before me it has no right to possess the subject property which has been sold and delivered.

IT IS ORDERED that the Motion is DENIED.

Dated February 16, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge