IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02527-EWN-BNB

THUNDER MOUNTAIN CUSTOM CYCLES, INC., a Colorado corporation,

Plaintiff,

v.

JIM THIESSEN, d/b/a JIMS,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following:

(1)     **Defendant's Motion to Join Thunder Mountain Harley Davidson, Inc., as a Counterclaim Defendant** [Doc. # 23, filed 3/7/2007] (the "Motion to Join"); and

(2)     **Motion for Permission to Amend Counterclaim and to Add Harry Austin as a Counterclaim Defendant** [Doc. # 34, filed 3//30/2007] (the "Motion to Amend").

I held a hearing on the motions this morning and made rulings on the record, which are incorporated here.

This action was commenced by the filing of a complaint in the state district court in Larimer County, Colorado. The complaint names a single defendant--"Jim Thiessen dba JIMS." Thereafter, a Notice of Removal was filed in this court by "Defendant Thiessen Products, Inc. d/b/a Jims Machining (erroneously identified in the Complaint as Jim Thiessen dba JIMS)." *Notice of Removal* [Doc. # 1, filed 12/15/2006] at p.1. The Notice of Removal was followed by an answer, also made on behalf of "Thiessen Products, Inc. d/b/a Jims Machining (erroneously

identified in the Complaint as Jim Thiessen dba JIMS).” *Answer, Separate Defenses & Counterclaim* [Doc. # 8, filed 12/22/2006] at p.1.

The defendant in this action is Jim Thiessen individually, d/b/a JIMS.  That is who is named in the complaint, and that apparently is who was served with the summons and complaint.[1] Rule 12(a)(1), Fed. R. Civ. P., requires that the “**defendant** shall serve an answer.”  (Emphasis added.)  There is no provision in the Federal Rules of Civil Procedure by which a non-party, in this case Thiessen Products, Inc., may enter a case and unilaterally redefine the identity of the defendant.

At the hearing this morning, defense counsel (representing the non-party Thiessen Products, Inc.) directed me to *Defendant's Motion and Incorporated Memorandum to Dismiss Plaintiff's Claims Against Jim Thiessen* [Doc. # 33, filed 3/28/2007] (the “Motion to Dismiss”). Although the *Motion to Dismiss* seeks the dismissal of Jim Thiessen as an improperly named party, it suffers the same infirmity as all the rest of the papers filed by the defense in this case--it is made by “Thiessen Products, Inc. ('Thiessen Products'), improperly named in the Complaint as 'Jim Thiessen dba JIMS,'” id. at p.1, which is not a party to this action.

The Motion to Join and the Motion to Amend also are filed by non-party Thiessen Products, Inc.

---

[1] I assume that there is no issue with respect to the sufficiency of service because no motion has been filed asserting that defense.  See Rule 12(b)(5), Fed. R. Civ. P.  I note, however, that although the defendant is “Jim Thiessen,” service was made on “Jay Thiessen.”  *Notice of Removal*, at Exh. E.  I do not know whether Jim Thiessen and Jay Thiessen are the same person, or whether substitute service was appropriate under California law, where the service of process was accomplished.  See Rule 4(e)(1), Fed. R. Civ. P. (providing that service may be had upon an individual within a judicial district of the United States pursuant to the law of the state in which the service is effected).

For these reasons:

IT IS ORDERED that the Motion to Join and the Motion to Amend are DENIED.

IT IS FURTHER ORDERED that the following papers filed by non-party Thiessen Products, Inc., are STRICKEN:

(a)     *Answer, Separate Defenses & Counterclaim* [Doc. # 8]; and

(b)     *Defendant's Motion and Incorporated Memorandum to Dismiss Plaintiff's Claims Against Jim Thiessen* [Doc. # 33];

IT IS FURTHER ORDERED that the defendant, Jim Thiessen dba JIMS, may have to and including **May 4, 2007**, within which to answer or otherwise respond to the complaint.

Dated April 20, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge