IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 06-cv-02527-PAB-BNB

THUNDER MOUNTAIN CUSTOM CYCLES, INC.,

    Plaintiff,

v.

THIESSEN PRODUCTS, INC.,

    Defendant,

and

JIM THIESSEN and
THIESSEN PRODUCTS, INC.,

    Counter Claimants,

v.

THUNDER MOUNTAIN HARLEY DAVIDSON, INC. and
THUNDER MOUNTAIN CUSTOM CYCLES, INC.,

    Counter Defendants.

---

## ORDER

---

This matter comes before the Court on Thunder Mountain Custom Cycles, Inc.'s and Thunder Mountain Harley-Davidson, Inc.'s (collectively, "Thunder Mountain") motion for post-judgment relief per Federal Rule of Civil Procedure 60(b) [Docket No. 206]. Although the case is currently before the Tenth Circuit Court of Appeals on Thunder Mountain's appeal of this Court's final judgment, the Court maintains the ability

to consider the motion. See *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) (noting that although a district court lacks jurisdiction to grant a Rule 60(b) motion while the case is up on appeal, it is still free to consider the motion, then either deny it or notify the court of appeals of its intent to grant it and request the case be remanded).

## A.     Factual Background[1]

Thunder Mountain designs and manufactures custom motorcycles. It entered into contracts with defendant and counterclaim plaintiff Thiessen Products, Inc. ("Thiessen Products") to purchase transmissions and engines for use in Thunder Mountain's motorcycles. Thunder Mountain initiated the present case asserting that Thiessen Products breached express and implied warranties by furnishing defective products. Thiessen Products brought various contract and tort counterclaims against Thunder Mountain for its failure to pay for, or return, the allegedly defective items.

On March 5, 2008, the Court issued an order dismissing some of Thunder Mountain's claims, partially granting Thiessen Products' motion for summary judgment, and granting, in part, Thiessen Products' motion for discovery sanctions [Docket No. 119]. On May 13, 2008, a final judgement [Docket No. 150] was entered in this case incorporating the Court's March 5, 2008 Order and the results of a bench trial that concluded on May 6, 2008. Thunder Mountain's warranty claims against Thiessen Products were decided in favor of Thiessen Products. Thiessen Products' breach of contract counterclaim against Thunder Mountain also was decided in Thiessen

---

[1] A thorough recitation of the facts is available in the Court's March 5, 2008 Order [Docket No. 119].

2

Products' favor. All of Thiessen Products' remaining counterclaims were dismissed.

On June 10, 2008, Thunder Mountain filed with this Court a notice of appeal to the Tenth Circuit Court of Appeals [Docket No. 153]. On July 10 and 14, 2008, Thunder Mountain's new counsel filed appearances with this Court [Docket Nos. 178, 179]. On September 4, 2008, Thunder Mountain's trial attorney, Joseph P. Fonfara, filed a motion to withdraw from the case [Docket No. 216].

On August 29, 2008, Thunder Mountain filed a motion requesting that the Court reconsider the disposition of the case and grant relief from the March 5, 2008 Order and the final judgment pursuant to Federal Rule of Civil Procedure 60(b) [Docket No. 206]. Thiessen Products responded [Docket No. 221], and Thunder Mountain replied [Docket No. 222].[2] This motion is fully briefed and ripe for review.

## B. Legal Analysis

### 1. Legal Standards

Federal Rule of Civil Procedure 60(b) allows a court to grant relief from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged . . . ; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional

---

[2] On November 5, 2008, following the trial and full briefing of this motion, the case was reassigned to me.

3

circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)). Rule 60(b) does not permit a party to reargue an issue by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process. *See Davis v. Kansas Dep't of Corrs.*, 507 F.3d 1246, 1248 (10th Cir. 2007) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.").

Thunder Mountain seeks relief from the Court's order and judgment under Rule 60(b)(6). Rule 60(b)(6) allows reversal of "a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6) (2008). Sometimes referred to as a "catch-all provision," Rule 60(b)(6) embraces a court's broad equitable powers. *See Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124 (D. Colo. 2000); *see also Cashner*, 98 F.3d at 579 (describing Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case").

However, the Tenth Circuit has limited Rule 60(b)(6)'s application, noting that "a court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." *Cashner*, 98 F.3d at 579. Also, litigants may not argue for relief under Rule 60(b)(6) for reasons available, yet time-barred, under the Rule 60(b)'s five other clauses. *See United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). Furthermore, relief under Rule 60(b)(6) "is even more difficult to attain" than

4

under other Rule 60(b) provisions and "is appropriate only when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotation marks omitted); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, No. 04–cv–01619–LTB–BNB, 2008 WL 5104813, at *6 (D. Colo. Dec. 3, 2008).

### 2. Thunder Mountain's Rule 60(b)(6) Motion

Thunder Mountain argues that the poor performance of and results obtained by its trial attorney constitute "extraordinary circumstances" warranting relief under Rule 60(b)(6). Thunder Mountain claims that its trial attorney was so grossly negligent that justice will be offended if this Court allows the final judgment to stand rather than allow the pending appeal to proceed. Within this argument, Thunder Mountain also alludes to claims that the Court incorrectly decided questions of law and fact. According to Thunder Mountain, Mr. Fonfara's neglect in presenting evidence and argument caused the Court to apply incorrect law to incomplete facts.

#### a. Seeking Relief in a "Reasonable Time"

Thiessen Products argues that Thunder Mountain's motion for relief under Rule 60(b)(6) was not timely. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time . . . ."). I need not address the question of whether a three-month delay is "reasonable" in this case as I find that Thunder Mountain has otherwise failed to show that relief under Rule 60(b)(6) is proper.

#### b. Relief Based on Negligence of Counsel

Thunder Mountain argues that the gross negligence of its trial counsel qualifies as an extraordinary circumstance justifying relief from the Court's order and final

5

judgment under Rule 60(b)(6). Thunder Mountain has assembled a litany of examples of trial counsel's allegedly "egregious, inexplicable and inexcusable conduct." Br. in Supp. of Post-J. Relief [Docket No. 206-2] at 14–16. The examples include trial counsel's: failure to challenge removal to this Court; inadequate briefing of matters before the Court; failure to keep his client "fully and adequately" apprised of discovery obligations and issues; inadequate discovery responses which led to sanctions; failure to keep his client apprised of the status of other litigation that was discussed during discovery; failure to inform his client that he would not "vigorously oppose" certain discovery sanctions; failure to "engage in meaningful discovery" by conducting what Thunder Mountain now deems to be inadequate depositions and failing to followup on potential documentary evidence; and failure to competently litigate at trial those claims that survived the Court's March 5, 2008 Order.[3] *Id.* at 14–17.

Thunder Mountain acknowledges the strong predisposition in this circuit against granting of 60(b) relief for inadequacy of a party's chosen attorney. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1119–20 (10th Cir. 2006) (noting that a malpractice lawsuit against a deficient attorney is the preferred remedy). Thunder Mountain argues, however, that the present case represents such an egregious example of attorney incompetence that the normal preference for relying on malpractice actions should be overridden. Although Thunder Mountain does not offer case law from this circuit supporting its theory, it cites cases from other circuits. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169–70 (9th Cir. 2002) (holding that default judgment may be set

---

[3] In its list of Mr. Fonfara's alleged misconduct, Thunder Mountain also includes his actions after the issuance of the final judgment and order from which it seeks relief.

aside under Rule 60(b)(6) where the client demonstrates attorney's gross negligence); Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 978–79 (3d Cir. 1978) (reversing trial court's refusal to grant relief under Rule 60(b)(6) where unopposed motion for summary judgment was granted due to attorney's failure to respond); Primbs v. United States, 4 Cl. Ct. 366, 370 (1984) (reinstating case under Rule 60(b)(6) where dismissal for failure to respond to motion for summary judgment was due to attorney's inexcusable neglect and dishonesty).

Thunder Mountain correctly links the holdings in the above-cited cases to a preference for deciding cases on their merits. See Br. in Supp. of Post-J. Relief [Docket No. 206-2] at 20. Although the Tenth Circuit has not spoken on the issue of Rule 60(b)(6) relief for gross and inexcusable neglect by a party's attorney, it has expressed a similar preference for deciding cases on their merits. See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992); see also Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (discussing preference for deciding cases on the merits in the Rule 60(b) context). Thunder Mountain, however, does not cite, and I cannot find, a case that grants Rule 60(b)(6) relief for attorney neglect where the case reached disposition on the merits.

When considering Rule 60(b)(6) relief based on attorney negligence there are good reasons for distinguishing cases decided on the merits from those that are not. First, in cases decided for punitive reasons, such as on default judgment for failing to respond, the defaulted party loses regardless of the merits of its case, without ever having had its day in court. On the other hand, where a party's case is decided on the

merits, yet impacted by attorney negligence, the merits of the party's case have been aired, just not in ideal fashion. Furthermore, unlike cases decided as a matter of default, cases that have been tried on the merits implicate doctrines encouraging finality such as claim and issue preclusion, the law of the case, and the general respect for the normal course of appeals.

In the present case, rather than being dismissed or defaulted due to a technicality of procedure or failure to act,[4] Thunder Mountain lost its case on the merits. Thunder Mountain responded to and briefed the motions in question and appeared and presented a case at trial. The Court evaluated Thunder Mountain's case, made various conclusions of law and fact, and ultimately found in favor of Thiessen Products.

Thunder Mountain now seeks an opportunity from this Court to retry its case with its new attorney after its first attempt was unsuccessful due to allegedly poorly chosen and executed litigation strategy. However, Rule 60(b)(6) is not intended to allow a party to present its argument on the merits as many times as it takes to get it right. See Cashner v. Freedom Stores, 98 F.3d 572, 580 (10th Cir. 1996) ("[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.")

The essence of Thunder Mountain's argument is that trial counsel, although performing his duties, did so at a level below professionally accepted standards. This

---

[4] In fact, the Court denied Thiessen Products' request that the case be dismissed without addressing the merits as a sanction for discovery infractions. See Order [Docket No. 119] at 42.

8

argument is properly addressed in a malpractice action, not under Rule 60(b). See Nelson, 446 F.3d at 1119–20.

### c. Mistakes of Law and Fact

I do not address Thunder Mountain's assertions about the Court's conclusions of law and fact as raised under the pretext of asserting Mr. Fonfara's gross negligence. See Br. in Supp. of Post-J. Relief [Docket No. 206-2] at 22–32. Rule 60(b)(1) allows relief "where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner, 98 F.3d at 576. Rule 60(b)(1) motions challenging a substantive ruling by a court must be filed before the deadline to file an appeal passes. See Id. at 578. Thunder Mountain failed to meet this deadline; therefore, it lost its opportunity to challenge the Court's conclusions outside of an appeal. Litigants are prohibited from repackaging under Rule 60(b)(6) claims that are time-barred under the Rule's other clauses. See United States v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002). Its assertions of error by the Court are appropriately reviewed by an appellate court. See United States v. 31.63 Acres of Land, 840 F.2d 760, 761 n.4 (10th Cir. 1988).

## C. Conclusion

Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotation marks omitted). The present case does not present such extraordinary circumstance as to warrant circumvention of the normal channels of relief and the

interests of finality.

Therefore, it is

**ORDERED** that plaintiff and counterclaim defendants' motion for post-judgment relief [Docket No. 206] is DENIED. It is further

**ORDERED** that plaintiff and counterclaim defendants' motion for request of remand from the Tenth Circuit Court of Appeals [Docket No. 244] is DENIED as moot.

DATED this 24th day of December, 2008.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge